**IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA**
Civil Action No. 2:26-cv-00970-WSS

ZHU,

Plaintiff

v.

SCHEDULE A DEFENDANTS,

Defendants.

_____/

**DEFENDANT JIYOUHOME'S EMERGENCY MOTION FOR LEAVE TO APPEAR
REMOTELY VIA VIDEOCONFERENCE AT THE PRELIMINARY
<u>INJUNCTION HEARING</u>**

Defendant JIYOUHOME, by and through undersigned counsel, respectfully moves this Court for leave to appear remotely via videoconference (Zoom or the Court's designated platform) at the preliminary injunction hearing scheduled for June 2, 2026 [DE 18]. In support of this motion, Defendant states as follows:

1. This is a design patent infringement action involving multiple Schedule A Defendants, most of whom are foreign entities located in China. Defendant JIYOUHOME is a foreign seller with its principal place of business in China. All employees of JIYOUHOME are living in China.

2. The Court has scheduled a hearing on Plaintiff's motion for preliminary injunction for June 2, 2026.

3. Undersigned counsel, Jianyin Liu, has been admitted *pro hac vice* to represent Defendant JIYOUHOME in this matter (see ECF No. 21).

4. Good cause exists to permit remote appearance via videoconference for the following reasons:

**a. Significant Financial and Logistical Burden on Undersigned Counsel**

Few attorneys admitted by this Court (PAWD) can speak Mandarin. Undersigned counsel is Mandarin-speaking, thus, was approached by JIYOUHOME from China.

Undersigned counsel resides and maintains an office in Miami, Florida. Travel to Pittsburgh for the hearing would impose substantial financial costs, including round-trip airfare, ground transportation, lodging, meals, and lost billable time. Travel would require at least two days away from the office, during which time undersigned counsel would need to bill the client for non-productive travel hours. Defendant JIYOUHOME is a small business with limited financial means, and imposing such costs would create an undue hardship, equivalent to strip it a chance to defend itself with **strong evidence**.

Without even proving personal jurisdiction and likelihood of infringement, Defendant has to spend hefty fees in defending it in this Court for the preliminary injunction proceeding, a court thousands of miles away from his office.

The design patent of Plaintiff here, is an ordinary couch with hundreds of prior arts. *See* below Figure 1.

Figure 1: Screenshot of

Design Patent At-Issue



The patent at-issue is

functional primarily. It is likely

invalid under both 35 USC § 102 and 103 as anticipated by prior arts and being obvious.

**b. Logistical Impossibility for Corporate Representative Travel**

A corporate representative of Defendant JIYOUHOME might choose to testify in

the hearing, if necessary. He is currently located in China. Obtaining a U.S. visa

(typically B-1/B-2 visitor visa) for the purpose of attending a court hearing generally

requires an interview at a U.S. consulate or embassy in China. The current processing

time for such visa applications is frequently 6 months or longer, with no guarantee of

approval. Given the hearing is scheduled for June 2, 2026 — only a short time from now

— it is logistically impossible for any corporate representative to obtain a visa and travel

to Pittsburgh in time. Requiring in-person appearance would effectively deny Defendant

meaningful participation.

**c. Efficiency and Access to Justice**

Remote appearance via Zoom would enable undersigned counsel (and, if

necessary, the corporate representative via videoconference) to fully participate without the prohibitive burdens described above.

### d. Nature of the Hearing

The preliminary injunction hearing primarily involves legal argument and review of declarations and evidence already submitted. No complex evidentiary presentation requiring in-person presence is anticipated. Counsel and corporate representative both can effectively participate remotely, ensuring due process and full advocacy.

### e. No Prejudice to Plaintiff or the Court

Remote appearance will not prejudice Plaintiff or impair the Court's ability to conduct a fair and orderly hearing. The Court can observe counsel, manage proceedings, and ensure technical reliability through its established Zoom protocols.

5. Undersigned counsel will ensure full compliance with any technical requirements (stable internet connection, quiet environment, proper lighting, muted when not speaking) and will test connectivity in advance. Counsel is available to coordinate with the Court's IT staff or courtroom deputy if necessary.

6. No prior motion for remote appearance has been filed in this case, and this request is made promptly upon notice of the hearing date.

WHEREFORE, Defendant JIYOUHOME respectfully requests that the Court grant leave for undersigned counsel (and, to the extent necessary or desired, a

corporate representative of Defendant) to appear remotely via videoconference at the preliminary injunction hearing on June 2, 2026, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
(*Pro Hac Vice Pending*)
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Email: jamesliulaw@gmail.com
Phone: (305) 209-6188

Date: March 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification to all registered participants.

/s/ Jianyin Liu