IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YUN ZHU,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Action No. 2:26-cv-00970-WSS

JURY TRIAL DEMANDED

_____ /

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant JIYOUHOME ("Defendant"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion for Preliminary Injunction.

**I. INTRODUCTION**

Plaintiff seeks a preliminary injunction against Defendant for alleged infringement of U.S. Design Patent No. D1,081,175 S (the "'175 Patent"), which claims an ornamental design for a modular sofa. The motion should be denied because:

1. This Court lacks personal jurisdiction over Defendant, as Defendant's sales are minimal, with no sales into Pennsylvania;

2. Plaintiff is unlikely to succeed on the merits — the '175 Patent is primarily functional, obvious in light of abundant prior art, and Defendant's products do not infringe under the ordinary observer test;

Page 1 of 12

3. Plaintiff has not shown irreparable harm, and the balance of equities and public interest weigh heavily against relief.

## II. STATEMENT OF FACTS

The '175 Patent claims a specific ornamental sofa design featuring integrated elliptical armrests, continuous curved transitions, seamless modular connections, and particular R-angle and star-shaped junctions between seat cushions and base (see FIGS. 1–23 of the '175 Patent).

Defendant sells a modular sectional sofa without armrest and with removable, multi-functional armrest pillows that can be freely moved and used independently. These products have visible seams between backrest modules, soft wavy fabric edges, and a more rectangular/straight bottom frame — creating a distinctly different overall visual impression. See Figure 3 & 4 below for Defendant's products.

## III. LEGAL STANDARD

Plaintiff must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities in its favor; and (4) public interest supports the injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Failure on any factor defeats the motion. "Clear evidence" must be shown. *Id.*

If substantial question has been raised with regard to the validity of the patent, the preliminary injunction shall not be issue. *PHG Technologies v. St. John Companies*, 469 F.3d 1361, 1366 (Fed. Cir. 2006).

Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in

which the district court is located. Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990). In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment to the Constitution. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489-90 (3d Cir. 1985). This inquiry has been collapsed in Pennsylvania, as the Pennsylvania long-arm statute provides that: "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *Van Buskirk*, 760 F.2d at 490. The reach of the Pennsylvania long-arm statute is thus "coextensive" with the due process clause. *North Penn Gas*, 897 F.2d at 690. The due process clause permits the court to assert personal jurisdictional over a nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) [defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). The "paradigm" forums where a corporate defendant is at home are the corporate defendant's place of incorporation and its principal place of business. *BNSF Ry. Co.*, 137 S.

Ct. at 1558 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"  *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).  General jurisdiction has not been established in this case.

Specific jurisdiction is appropriate only if the plaintiff's cause of action arises out of a defendant's forum-related activities, "such that the defendant 'should reasonably expect being haled into court'" in that forum.  *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prod. Inc.,* 75 F.3d 147, 151 (3d Cir. 1996) (quoting *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).  The Third Circuit has explained the three-part analysis for specific jurisdiction.  "First, the defendant must have 'purposefully directed [its] activities' at the forum.  Second, the litigation must 'arise out of or relate to' at least one of those activities.  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"  *O'Connor v. Sandy Lane Hotel,* 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).  To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test."  *Id.*  However, the required causal connection is looser than the tort concept of proximate causation. *Id.* (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 99-100 (3d. Cir. 2004)).  The appropriate analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" -- whether the defendant received the benefits and protections of a state's laws

to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state. *Id.* at 323.

As noted, each of the Defendants is alleged to be a foreign entity. Federal Rule of Civil Procedure 4(k)(2) provides:

> (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
>> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>>
>> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Accordingly, in order for a court to exercise personal jurisdiction over a foreign defendant pursuant to Fed. R. Civ. P. 4(k)(2):

> (1) there must be a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States as a whole so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law.

*Skold v. Galderma Labs., L.P.*, 99 F. Supp. 3d 585, 603 (E.D. Pa. 2015). "Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009) (citing Fed. R. Civ. P. 4(k)(2) advisory committee notes to 1993 amendment).

## IV. ARGUMENT

### A. Plaintiff Is Unlikely to Succeed on the Merits.

#### 1. Lack of Personal Jurisdiction

Page 5 of 12

This Court lacks personal jurisdiction over Defendant. As a foreign seller with no meaningful contacts in Pennsylvania and zero sales into this District, Defendant has not purposefully availed itself of this forum. A Declaration of Defendant Representative with sales data will be submitted.

"Because Plaintiff will ultimately have to establish personal jurisdiction by a preponderance of the evidence, the precise question before the Court now is whether Plaintiff has established 'a reasonable probability' that [Plaintiff] will be able to establish personal jurisdiction by a preponderance of the evidence." *Xie*, 2025 WL 1039233, at *2 (citing *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012)).

"In the context of e-commerce, 'the mere operation of a commercially interactive web site'—even if accessible in the relevant forum—is insufficient to establish minimum contacts and therefore personal jurisdiction." *Xie*, 2025 WL 1039233, at *2 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)). Rather, the plaintiff must show that that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state "by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id*.

As to under Rule 4(k)(2), Plaintiff must proffer a preponderance of the evidence to  hail Defendants into this Court. *Premier Products Inc v. Gearoz, et al*, 25-cv-497, *10 (W.D. Pa, , Jul. 8, 2025). Plaintiff's Complaint generally alleged, "Defendants directly target consumers in the United States, including in Pennsylvania…." *See* Complaint, ECF No. 1, p. 10, ¶ 41. Similar to the the allegations in *Promier*, Plaintiff did not proffer sufficient evidence to establish personal

jurisdiction under Rule 4(k)(2), as the court in *Promier* analyzed:

> Given the general allegations in Plaintiff's Complaint respecting sales into the U.S., it seems entirely likely that many of the Defendants, if not all of them, would be subject to jurisdiction in at least one forum. While it is not clear that Pennsylvania is an appropriate forum, it is equally unclear, on this record, that Plaintiff is likely to establish by a preponderance of the evidence that each of the Defendants is beyond the jurisdictional reach of any other state. Given that this is a threshold issue, the Court finds that the issuance of a preliminary injunction is not warranted.

*See Promier*, 25-cv-497, *10.

Thus, Plaintiff failed to establish personal jurisdiction on Defendant, under general and specific jurisdiction and under Rule 4(k)(20).

### 2. The '175 Patent Is Primarily Functional and Invalid

A design patent protects only ornamental, non-functional aspects (35 U.S.C. § 171). The '175 Patent's claimed features — double-layer elliptical seat cushions, curved armrests, specific R-angle and star-shaped transitions, and integrated modular connections — are dictated by functional considerations: seating comfort, structural stability, ease of assembly, and manufacturing efficiency. Because the overall appearance is primarily functional, the patent is invalid. *PHG Technologies v. St. John Companies,* 469 F.3d 1361, 1366 (Fed.Cir.2006).



Figure 1: Screenshot of `175 Patent Design

### 3. The Design Is Obvious

Even if ornamental, the design is obvious under 35 U.S.C. § 103 in view of numerous prior art modular sectionals with tufted cushions, curved elements, and movable components.

For example, US design patent D930,382 S (issued Sep 2021) has similar features of rounded corners, arm rest, L-Shaped couch as demonstrated below in Figure 2.



Figure 2: Couch Design of US Design Patent D930,382 S

Because the overall visual impression (modular blocks + curved arms + tufted cushions + rounded transitions) was already common in the marketplace by 2023, an ordinary observer would not find the patented design substantially different from existing prior art.

**4. No Infringement — Ordinary Observer Test**

Defendant's products do not infringe. An ordinary observer, familiar with prior art, would not be deceived into believing Defendant's sofa is the same as the '175 Patent design (*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc)).

Key Visual Differences inlcude:

- Armrests: Defendant uses non-fixed, removable multi-functional pillows (clearly marketed and shown as detachable and repositionable) versus the '175 Patent's fixed, integrated elliptical armrests (FIGS. 1, 2, 5, 6). *See* Figure 3 below.



Figure 3: Defendant's Product Image

- Backrest Modules: Visible seams/gaps with soft, wavy, wrinkled fabric edges versus the patent's continuous, seamless, integrated backrest appearance (FIGS. 3, 4, 7, 8), with separate and movable pillows. *See* Figure 1 and 3 above.

- Bottom Frame & Transitions: Straight rectangular frame with flat connections versus the patent's curved elliptical transitions and star-shaped/R-angle junctions (FIGS. 9–13, 18–22). *See* Figure 4 below. The bottom frame of `175 Patent consists of two separate sections and that of Defendant's product is integrated. *Id.*



Figure 4: Side View Comparison

- Overall Impression: Defendant's design has a more casual, modular, and flexible appearance with distinct pillow-like elements, while the '175 Patent presents a smoother, more unified, sculptural form. *See* Figure 1, 3 and 4 above.

These differences are readily apparent from multiple angles and create a distinctly different overall visual impression. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008).

**B. No Irreparable Harm**

Plaintiff has not shown irreparable harm. Defendant's sales volume is tiny. Monetary damages are fully adequate. The Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), expressly rejected any presumption of irreparable harm in patent cases. Plaintiff must show concrete, non-compensable harm, which it has failed to do. Any alleged lost profits are quantifiable and fully redressable through money damages at the end of this litigation.

**C. Balance of Equities and Public Interest**

Granting an injunction would impose undue hardship on a small seller for negligible sales, while harming competition and consumer choice in the furniture market. A generic L-shaped couch is prevalent in market. By suing without narrowing the claim of construction with primarily functional couch design, it is against public interest by stifling the market and future renovation.

## V. CONCLUSION

Plaintiff's Motion for Preliminary Injunction should be DENIED.

Respectfully submitted,
/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
(Admitted *Pro Hac Vice*)
The Law Offices of Jianyin Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendant Defendant

Date: May 29, 2026

**Certificate of Service**

I certify that on May 29, 2026, a true copy was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu