**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

YUN ZHU,
Plaintiff,

v.

SCHEDULE A DEFENDANTS,
Defendants.

_____/

Civil Action No.: 2:26-cv-00970-WSS
JURY TRIAL DEMANDED

**DEFENDANT JIYOUHOME'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Defendant JIYOUHOME ("Defendant" or "JIYOUHOME"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), 35 U.S.C. § 299, and Federal Rules of Civil Procedure 20 and 21, to dismiss Plaintiff Yun Zhu's Complaint with prejudice (or, alternatively, without prejudice as to certain grounds). In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff's Complaint is a classic "Schedule A" mass-joinder action that improperly lumps dozens (or hundreds) of unrelated foreign e-commerce sellers into a single lawsuit. As detailed in Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 28, filed May 29, 2026), the Complaint fails on multiple independent grounds. This Court should dismiss the claims against Defendant because:

1. The Court lacks personal jurisdiction over Defendant (Fed. R. Civ. P. 12(b)(2));

2. The joinder of Defendant with the other Schedule A Defendants is improper under 35 U.S.C. § 299 and Fed. R. Civ. P. 20 (misjoinder warranting severance and dismissal under Rule 21); and

3. Plaintiff fails to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)), as the asserted design patent is invalid and Defendant's products do not infringe.

Dismissal is warranted on each ground independently.

## II. STATEMENT OF FACTS

Plaintiff asserts infringement of U.S. Design Patent No. D1,081,175 S (the "'175 Patent"), which claims an ornamental design for a modular sofa. See Complaint ¶¶ 5, 33; Exhibit A to Complaint. Defendant sells a distinctly different modular sectional sofa featuring removable, multi-functional armrest pillows, visible seams between modules, soft wavy fabric edges, and a more rectangular/straight bottom frame. See Defendant's Response in Opposition (ECF No. 28) at 2, Figures 3–4.

The Complaint generically alleges that all Schedule A Defendants operate anonymous online storefronts selling "Infringing Products," but provides no defendant-specific facts establishing jurisdiction, concerted action, or identical products. See Complaint ¶¶ 20–38. Defendant has zero sales into Pennsylvania and has not purposefully availed itself of this forum. *See* Declaration of Defendant Representative [DE 30].

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges personal jurisdiction; the plaintiff bears the burden of establishing it. *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012). Under Rule 12(b)(6), the Court accepts well-pleaded facts as true but disregards legal conclusions and threadbare recitals. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Joinder in patent cases is strictly governed by 35 U.S.C. § 299(a), which requires that claims arise from the "same transaction, occurrence, or series of transactions or occurrences relating to

the ... same accused product or process" and that common questions of fact will arise. Allegations of mere infringement of the same patent are insufficient. 35 U.S.C. § 299(b).

## IV. ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over Defendant (Rule 12(b)(2))

JIYOUHOME is a company organized and existing under the laws of the People's Republic of China with its principal place of business in China. It does not have any offices, employees, or physical presence in the United States or Pennsylvania. I Declaration of Corporate Representative Zou Jianying, ECF NO. 30, p. 1, ¶ 2 ("Zou Decl.", hereafter). JIYOUHOME has made zero sales of the accused products into the Commonwealth of Pennsylvania. No orders have been shipped to addresses in Pennsylvania. *Id*., ¶ 4.

This Court lacks both general and specific personal jurisdiction over Defendant, a foreign entity with no meaningful ties to Pennsylvania. In the context of e-commerce, "the mere operation of a commercially interactive web site'—even if accessible in the relevant forum—is insufficient to establish minimum contacts and therefore personal jurisdiction." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).  Rather, the plaintiff must show that that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts. *Id*.

As to under Rule 4(k)(2), Plaintiff must proffer a preponderance of the evidence to  hail Defendants into this Court. *Premier Products Inc v. Gearoz, et al*, 25-cv-497, *10 (W.D. Pa, , Jul. 8, 2025). Plaintiff's Complaint generally alleged, "Defendants directly target consumers in the United States, including in Pennsylvania…." *See* Complaint, ECF No. 1, p. 10, ¶ 41. Similar to

Page 3 of 6

the the allegations in *Promier*, Plaintiff is not able to establish personal jurisdiction under Rule 4(k)(2), as the court in *Promier* analyzed:

> Given the general allegations in Plaintiff's Complaint respecting sales into the U.S., it seems entirely likely that many of the Defendants, if not all of them, would be subject to jurisdiction in at least one forum. While it is not clear that Pennsylvania is an appropriate forum, it is equally unclear, on this record, that Plaintiff is likely to establish by a preponderance of the evidence that each of the Defendants is beyond the jurisdictional reach of any other state. Given that this is a threshold issue, the Court finds that the issuance of a preliminary injunction is not warranted.

*See Promier*, 25-cv-497, *10.

Thus, Plaintiff failed to establish personal jurisdiction on Defendant, under general and specific jurisdiction and under Rule 4(k)(2).

**B. Improper Joinder Under 35 U.S.C. § 299 and Fed. R. Civ. P. 20/21**

Even if jurisdiction existed, the mass joinder of unrelated Schedule A Defendants violates 35 U.S.C. § 299. The statute prohibits joining accused infringers unless:

> (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the same accused product or process; and
> (2) questions of fact common to all defendants will arise.

*See* 35 U.S.C. § 299(a). Mere allegations that each defendant infringed the same patent are explicitly insufficient. Id. § 299(b).

Here, the Complaint relies on generic assertions of similar seller tactics, anonymous operations, and sales of "Infringing Products" (Complaint ¶¶ 24–38). It fails to allege (let alone plausibly show) that Defendant's products are identical to those of other defendants or that the claims arise from the same transaction/occurrence. Different sellers offer products with distinct

visual features, pricing, and marketing. See Defendant's Response (ECF No. 28) at 2, 8–10 (highlighting key differences in armrests, seams, frames, and overall impression).

Courts routinely sever or dismiss improperly joined defendants in Schedule A cases for these reasons. Joinder here is prejudicial and inefficient. The Court should sever and dismiss Defendant under Rule 21.

### C. Failure to State a Claim – Non-Infringement and Invalidity (Rule 12(b)(6))

Plaintiff cannot state a plausible claim of design patent infringement. Under the ordinary observer test (*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc)), an ordinary observer familiar with prior art would not mistake Defendant's sofa for the patented design. Key differences include:

- Removable/multi-functional pillows vs. fixed elliptical armrests;

- Visible seams and wavy fabric vs. seamless integrated appearance;

- Straight rectangular frame vs. curved elliptical transitions and star-shaped junctions.

*See* Defendant's Response (ECF No. 28) at 8–11, Figures 1–4.

Additionally, the '175 Patent is invalid as primarily functional (35 U.S.C. § 171) and obvious over abundant prior art (e.g., design patent US D930,382 S and others). These defects warrant dismissal under Rule 12(b)(6).

### V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss the Complaint against Defendant with prejudice (or without prejudice as appropriate), and grant such other relief as the Court deems just, including costs and attorneys' fees if warranted.

Respectfully submitted,
/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
(Admitted *Pro Hac Vice*)
The Law Offices of Jianyin Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendant Defendant

Date: June 1, 2026

**Certificate of Service**

I certify that on June 1, 2026, a true copy was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu