# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YUN ZHU,

        Plaintiff,

        v.

SCHEDULE A DEFENDANTS,

        Defendants.

Civil Case No.: 2:26-cv-00970-WSS

## REPLY MEMORANDUM IN SUPPORT OF PATENT OWNER'S
## MOTION FOR PRELIMINARY INJUNCTION

### I.      PRELIMINARY STATEMENT

As a threshold matter, as shown in Dkt. 14, the entity named JIYOUHOME is not a party to this case and thus lacks standing to oppose the preliminary injunction not directed at it.

Further, non-party JIYOUHOME's opposition should be dismissed because none of its three arguments have merit.  First,  Defendant claims that it has not sold any infringing product into this District and that the Court thus lacks personal jurisdiction over it, due to the claimed non-sales. Second, the patent-in-suit is invalid for showing pure functionality rather than design features, for being obvious over a different patent. Third, Defendant claims that its infringing product does not infringe the patent-in-suit.

1

None of its three arguments having merit, preliminary injunction should be granted against non-party JIYOUHOME.

## II.    DISCUSSIONS

### A.  Non-party JIYOUHOME Lacks Standing To Oppose This Motion For Preliminary Injunction.

As a non-party, JIYOUHOME has no standing to participate in this case.

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." At its core, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). "Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts." *UPS Worldwide Forwarding, Inc. v. U.S. Postal Serv.*, 66 F.3d 621, 625 (3d Cir. 1995).31

The district court in *Bullock v. Ancora Psychiatric Hosp.* (D.N.J. Dec. 19, 2012, No. 10-1412 (RBK/AMD)) 2012 U.S.Dist.LEXIS 207821 surveyed the cases and concluded that "[g]enerally, non-parties to a suit do not have standing to oppose a proposed amended complaint. See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (proposed new defendants "do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action.") (citation omitted); see also Vasquez v. Summit Women's Center, Inc., No. Civ. A. 301-955, 2001 U.S. Dist. LEXIS 25440, 2001 WL 34150397, at *1 n.1 (D. Conn.

Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious.") (citing 3 James Wm. Moore et al., Moore's Federal Practice ¶ 14.21(2) (3d ed. 1999))."

Here, the non-party JIYOUHOME lacks standing to oppose Plaintiff Patent Owner's motion for preliminary injunction against the named defendants in this case.

**B. Non-Party JIYOUHOME's Personal Jurisdiction Argument Based On The Alleged Non-Sales Ignores Binding Precedent.**

One cannot win a ball game by hiding in the audience; JIYOUHOME cannot prevail on any motion by evading discovery as a non-party.

Here, the non-party JIYOUHOME belabors the point that it has allegedly not sold any product in the State of Pennsylvania. This assertion, as with other factual assertions by Defendant, is dubious at best and untrustworthy at worst.

At this time, however, Plaintiff has no evidence contradicting the non-party JIYOUHOME's non-sales argument: the non-party JIYOUHOME has evaded discovery (e.g., third party discovery from Amazon.com) by lurking in the background as a non-party to this case.

Thus, at the minimum, to verify the non-party JIYOUHOME's non-sales assertions, the non-party JIYOUHOME should be subject to jurisdictional discovery or its current non-sales assertions disregarded.

Moreover, non-sales alone does not defeat personal jurisdiction; a foreign defendant may be subject to this Court's personal jurisdiction under Rule 4(k)(2).

3

In *Wenjie Xie v. Guanhe Home Essentials* (W.D.Pa. Apr. 8, 2025, No. 2:25-cv-00265) 2025 LX 264022, Chief Judge Hornak presided over a more complex IP infringement case and considered an identical personal-jurisdiction-based-on-non-sales-argument to that raised by the non-party JIYOUHOME.

There, Chief Judge Hornak concluded that "Plaintiff has established a 'reasonable probability of ultimate success upon the question of [personal] jurisdiction' over three of the four No Sale Defendants" under Rule 4(k)(2).

Under Rule 4(k)(2), personal jurisdiction over a defendant exists when "the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction." *Saudi v. Acomarit Maritimes Servs., S.A.* (3d Cir. 2004) 114 F.App'x 449, 455. Some courts even require a defendant resisting jurisdiction under Rule 4(k)(2) to identify a state in which it would be subject to personal jurisdiction. *See, e.g., Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

 First, there is no question that the Plaintiff's patent infringement claims arise exclusively under federal law. Second, the non-party JIYOUHOME has not identified another state in which it would be subject to personal jurisdiction. Due to the non-party JIYOUHOME's claimed non-sales, the Court has no basis to conclude that the non-party JIYOUHOME can do so. In fact, the non-party JIYOUHOME conceded that it is based in and operated out of China. The non-party JIYOUHOME purports to claim that it has not sold relevant product to consumers in any state, and nothing in the record

4

suggests that it has had "other sufficient contacts" with any one state.

And third, the non-party JIYOUHOME has sufficient contacts with the United States so that asserting jurisdiction over it comports with due process. By operating stores on Amazon, the non-party JIYOUHOME "directly target[ed]" the U.S. market for their infringing conduct. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003

Unlike the website at issue in *Toys "R" Us*, the non-party JIYOUHOME's online storefronts were "intended to reach customers in [the United States]." *Id.* The product descriptions are in English; the prices are in dollars; and products can be shipped to the United States.

Under these circumstances, the Court can conclude that the non-party JIYOUHOME had minimum contacts with the United States. Moreover, the instant lawsuit relates to a defendant's contacts with the United States (i.e., marketing and offering for sale the alleged infringing products).

Where, as here, Plaintiff has established minimum contacts and a nexus between the present suit and those contacts, the burden then shifts to the non-party JIYOUHOME to establish that exercising jurisdiction over it would be fundamentally unfair. *Mellon Bank*, 960 F.2d at 1227. The non-party JIYOUHOME failed to address this issue in its briefing. (*See* Dkt. 28). Indeed, similar to the non-sale defendants in *Wenjie Xie v. Guanhe Home Essentials* (W.D.Pa. Apr. 8, 2025, No. 2:25-cv-00265) 2025 LX 264022,

5

the non-party JIYOUHOME's sales in the United States refutes any assertion that

exercising personal jurisdiction over it would be "fundamentally unfair."

In sum, if the non-party JIYOUHOME is allowed to participate in this proceeding,

the Court should allow jurisdictional discovery against the non-party JIYOUHOME.

Because there exists a reasonable likelihood that the Court has personal jurisdiction

over the non-party JIYOUHOME under Rule 4(k)(2).

## C. Non-party JIYOUHOME Misapplies The "Functional Vis-À-Vis Non-Functional" Test.

The functional and ornamental aspects of a design are distinguished to assist

claim construction of a design patent. (*Sport Dimension, Inc. v. Coleman Co.* (Fed. Cir.

2016) 820 F.3d 1316, 1320 (adopting "claim constructions … where the court helped the

fact finder distinguish[] between those features of the claimed design that are

ornamental and those that are purely functional.")

"[A]s long as the design is not primarily **functional**, "the design claim is not

invalid, even if certain elements have **functional** purposes." *Ibid* (citing *Endo-Surgery,*

*Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015)). "That is because a **design**

**patent**'s claim protects an article of manufacture, which "necessarily serves a utilitarian

purpose." *Ibid (citing L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed.

Cir. 1993).

"So a design may contain both functional and ornamental elements, even though

the scope of a design patent claim "must be limited to the ornamental aspects of the

6

design." *Ethicon Endo-Surgery*, 796 F.3d at 1333. "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Prods.*, 122 F.3d at 1405.

As seen, identifying the functional vis-à-vis non-functional elements of a design is to define the scope of a patented design—rather than invalidating a design in a wholesale manner, as Defendant is improperly advocating.

Here, non-party JIYOUHOME's "Primarily Functional and Invalid" argument is not serious. In essence, non-party JIYOUHOME claims that Plaintiff's patented design is functional because the entire design is for "seating comfort, structural stability, ease of assembly, and manufacturing efficiency." No practical design can thus ever survive non-party JIYOUHOME's blanket functional argument, because every practical design is for human comfort, stability, ease of use, and efficiency. According to non-party JIYOUHOME, only the most anti-ergonomic, unstable, or wasteful design would be entitled to patent rights.

In short, non-party JIYOUHOME's blanket argument that the patent-in-suit is invalid, because all features of the patent-in-suit are functional should thus be rejected: the Federal Circuit held in *OddzOn Prod*, identifying the functional vis-à-vis non-functional elements of a design is to define the scope of a patented design—rather than invalidating a patented design in a wholesale manner.

### D. The Patented Design Is Not Obvious Over The '382 Patent.

Non-party JIYOUHOME's obviousness argument also lacks seriousness. As shown below, the design shown in the '382 Patent is simply dissimilar to Plaintiff's patented design.



**The '382 Patent**

**The Patent-in-suit, Figure 1.**

Further, such casual assertions by non-party JIYOUHOME as "the overall visual impression (modular blocks + curved arms +  tufted cushions + rounded transitions) was already common in the market by 2023" simply lack any factual foundation.

In short, Plaintiff's patented design is not obvious over the '382 patent.

### E.  Non-Party JIYOUHOME's Non-Infringement Argument Is Not Only Premature But Also Lacks Evidentiary Support.

Under Article III's case or controversy requirement, a federal court may not decide "abstract, hypothetical or contingent questions." *Alabama State Fed. of Labor v. McAdory*, 325 U.S. 450, 461, 89 L. Ed. 1725, 65 S. Ct. 1384 (1945).

Here, as a threshold matter, non-Party JIYOUHOME's non-infringement argument is premature for the Court's consideration.  As shown in Dkt. 14, non-Party JIYOUHOME is not a named defendant in this case. Its argument that its product does not infringe Plaintiff's patent is thus hypothetical: no one has even accused non-Party JIYOUHOME of infringing the patent-in-suit.

Next, non-Party JIYOUHOME's non-infringement argument is again not serious for lacking any evidentiary support. Counsel for non-Party JIYOUHOME asserts that non-party JIYOUHOME's product features "[v]isible reams/gaps with soft, wavy, wrinkled fabric edges" as well as "[s]traight rectangular frame with flat connections." (Opp., at 9-10.) Moreover, rather than introducing an expert opinion about what an ordinary observer may conclude, Counsel for non-Party JIYOUHOME asserts that based on his own observation, "Defendant's design has a more casual, modular, and

9

flexible appearance with distinct pillow-like elements, while the '175 Patent presents a smoother, more unified, sculptural form."

To the contrary, a side-by-side comparison shows that Non-Party JIYOUHOME's products are quite similar to Plaintiff's patented design: both feature a sectional design; both feature a thin outside back; both lack any outside arm; and both feature back cushions that are thinner than the seat cushions.



| The Patent-in-suit | Non-Party JIYOUHOME's Product |
|---|---|

Ultimately, however,  the Court should disregard non-Party JIYOUHOME's non-infringement argument, because fundamentally, non-Party JIYOUHOME lacks standing to present these hypothetical arguments and federal courts do not decide hypothetical questions.

///

///

10

**F.  Non-Party JIYOUHOME's Throw-Away Arguments Should Be Disregarded.**

"[A]rguments raised in passing …, but not squarely argued, are considered waived." *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.* (3d Cir. 1997) 119 F.3d 1070, n6.

Here, Non-Party JIYOUHOME raised two arguments about lacking irreparable harm and the balancing of equity and public interest, but only in passing. Neither has any evidentiary support, nor were they developed in any substantive fashion. Next, these cursory arguments do not provide fair notice for Plaintiff to respond to them.

These two arguments should thus be deemed waived.

**III.    CONCLUSION**

"Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts." *UPS Worldwide Forwarding, Inc. v. U.S. Postal Serv.*, 66 F.3d 621, 625 (3d Cir. 1995).31

The non-party JIYOUHOME's purported opposition should thus be disregarded. The non-party JIYOUHOME lacks standing to oppose Plaintiff's motion for preliminary injunction directed at other defendants. Further, the non-party JIYOUHOME's various arguments should be disregarded because they are based on assertions by its counsel and lack sufficient evidentiary support.

///

///

///

11

Date: June 2, 2026                    Respectfully submitted,


/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289


*ATTORNEY FOR PLAINTIFF*