**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YUN ZHU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendant. | Civil Case No.: 2:26-cv-00970-WSS |

## PRELIMINARY INJUNCTION ORDER[1]

WHEREAS, Plaintiff Yun Zhu moved against Schedule A Defendants, the

Individuals, Partnerships, and Unincorporated Associations identified in Schedule A, for

(1) a Temporary Restraining Order, including a temporary injunction and temporary asset

restraint; (2) an Expedited Discovery Order; and (3) an Order to Show Cause why a

Preliminary Injunction Order should not issue;

WHEREAS, Plaintiff filed a Motion to perform electronic service of process under

Fed. R. Civ. P. 4(f)(3); and

WHEREAS, this Court granted the following:

(1) a Temporary Restraint Order, including a temporary injunction and a

---

[1] This Order does not apply to Defendants hengshee (No. 3), Kiwaou (No. 5), Xinghai-Ruyi Atelier (No. 10), Altura Home (No. 18) and Yourun Furniture (No. 19) ) and Defendant JIYOUHOME (also known as No. 14 ABCASA Store as identified in Plaintiff's Amended Schedule A)

1

temporary asset restraint; (2) an Expedited Discovery Order; and (3) an Order to Show Cause why a Preliminary Injunction Order should not issue ("TRO Order");

(b.) an Order authorizing electronic service of process under Fed. R. Civ. P. 4(f)(3) ("Alternative Service Order").

WHEREAS, pursuant to the terms of the Alternative Service Order, Defendant has served with the process and the notice of the Show Cause Hearing;

WHEREAS, Plaintiff moved for a preliminary injunction against Schedule A Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in Schedule A; only Defendant JIYOUHOME (also known as ABCASA Store (No. 14) as identified in Plaintiff's Amended Schedule A) filed an opposition brief; and Plaintiff filed a reply brief;

WHEREAS on May 31, 2026, Plaintiff voluntarily dismissed Defendants hengshee (No. 3), Kiwaou (No. 5), Xinghai-Ruyi Atelier (No. 10), Altura Home (No. 18) and Yourun Furniture (No. 19) )(Dkt. 29) before the show cause hearing;

WHEREAS, on June 2, 2026, Plaintiff and Defendant JIYOUHOME both appeared at the Show Cause Hearing, but no other defendants named in the amended schedule A appeared at the Show Cause Hearing or opposed Plaintiff's motion for a preliminary injunction;

WHEREAS, having carefully reviewed Plaintiff's Motion for Preliminary Injunction, Defendant JIYOUHOME's Opposition, and Plaintiff's Reply, in addition to the

oral arguments; and

WHEREAS, the Court finds that Plaintiff has demonstrated (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest;

## I.    RESTRAINING ORDER

**A.**    IT IS HEREBY ORDERED, as to Defendants identified in Schedule A attached hereto, sufficient cause has been shown that the injunctive relief previously granted shall remain in place through the pendency of this litigation and issuing a Preliminary Injunction Order ("PI Order") is warranted under Fed. R. Civ. P. 64 and 65 and 35 U.S.C. § 283. Accordingly, Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this PI Order are hereby restrained as follows:

1.    Restrained from their unlawful conduct, which includes (1) the infringement of the Patent-in-Suit owned by Plaintiff including the unauthorized and unlicensed promotion, advertisement, distribution, manufacture, import offer for sale, and sale of Defendant's Infringing Products; and (2) false or misleading descriptions of fact and/or false or misleading representations of fact about the nature, characteristics, and/or qualities of Defendant's Infringing Products;

2.    Restrained from shipping, delivering, holding for sale, transferring or

otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, Defendant's Infringing Products, which infringe upon at least one claim of the Patent-in-Suit;

3.    Restrained from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Online Storefronts, and any money, securities, or other property or assets of Defendant (collectively, "Defendant's Assets");

4.    Restrained from assigning or transferring, forming new entities or associations, or creating and/or utilizing any other Online Marketplace, user account, or Online Storefront, or any other means of importation/exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the restrictions set forth in this Order;

5.    Restrained from offering for sale Defendant's Infringing Products through the use of metatags or other markers within website source code or within any web page or Online Storefront (e.g., in the title of any product listing), through use of advertising links to other websites, through use of search engine databases or cache memory, and any other techniques that would render visible to a computer user a listing for Defendant's Infringing Products;

6.    Restrained from transferring ownership of the Online Storefronts, user

accounts, or Seller IDs;

7.     Defendant shall preserve copies of all computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs, and shall take all steps necessary to retrieve and maintain computer files relating to the use of any Online Storefronts, user accounts, and Seller IDs that may have been deleted prior to entry of this Order;

8.     Upon receipt of this Order, Defendant and all financial institutions, payment processors, banks, escrow services, money transmitters, marketplace platforms, or third party service providers (including, but not limited to, Amazon.com, Inc.; Amazon Capital Services, Inc.; Amazon.com Services LLC; Amazon Payments, Inc.; Payoneer Global Inc.; PingPong Global Solutions Inc.; and their related companies and affiliates (the "Third Party Institutions")), shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to Defendant, as well as all funds in or which are transmitted into (1) any other accounts of the same entities or customers; (2) any other accounts which transfer funds into the same financial institution account(s) and/or any of the other accounts subject to this Order; and (3) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

9.     Upon receipt of this Order, Defendant and all Third Party Institutions, shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendant identified in Schedule A

attached hereto, and associated payment accounts, and any other accounts for the same entities/customers as well as any other accounts which transfer funds into the same financial accounts as any other accounts subject to this Order;

10.     The Third Party Institutions shall, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (1) an accounting of the total funds restrained and identifies the financial accounts to which the restrained funds are related; and (2) the account transactions related to all funds transmitted into financial accounts that have been restrained. Such restraining of the funds and the disclosure of the related financial account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Institution's security interest in the funds) without express authorization of this Court;

11.     Upon Plaintiff's request, any Online Marketplace that is provided with notice of this Order, including but not limited to any Third Party Institutions, shall immediately cease fulfillment of and sequester Defendant's Assets corresponding to the Seller IDs identified on Schedule A hereto, which assets are in the possession, custody, or control of the Third Party Institution, and hold such goods in trust for the Court during pendency of this action;

12.     This Order shall apply to the Seller IDs, associated user accounts and Online

Storefronts, and any other seller identification names, user accounts, or Online Storefronts, and Defendant's accounts with Third Party Institution that are being used by Defendant for the purpose of infringing at least one claim of the Patent-in-Suit and/or engaging in false or misleading statements as addressed herein;

13. Defendant and all Third Party Institutions subject to this PI Order may petition the Court to modify the asset restraint set out in this PI Order;

14. This PI Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further date as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

1. All Third Party Institutions are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendant's Assets from or to financial accounts associated with or utilized by Defendant or any user account, Online Storefront, or Seller ID associated with Defendant (whether said account is located in the United States or abroad) ("Defendant's Financial Accounts") until further ordered by this Court; and

2. All Third Party Institutions are restrained from providing services to Defendant or any user account, Online Storefront, or Seller ID associated with Defendant, including, but not limited to, continued operation of Defendant's user accounts, Online Storefronts, or Seller IDs and any other listings linked to the same sellers or any other

alias seller identification names being used and/or controlled by Defendant, until further ordered by this Court.

C.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that:

1.    All Online Marketplaces shall, upon receipt of this PI Order, continue to suspend or block any and all product listings (operated by Defendant) identified by Plaintiff as identical or substantially similar to the products which infringe Plaintiff's '348 Patent (which products Plaintiff has demonstrated are being imported, sold, and/or offered for sale in the United States and which products embody every limitation of at least one claim of the Patent-in-Suit).

## II.    ORDER AUTHORIZING EXPEDITED DISCOVERY

A.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.    Plaintiff may propound interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33; Defendant shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such interrogatories under oath.

2.    Plaintiff may serve requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34; Defendant shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such document requests.

3.    Plaintiff may serve requests for admission pursuant to Federal Rules of Civil Procedure 26 and 36; Defendant shall deliver to Plaintiff's counsel, within fourteen (14) days of service, written responses to such requests for admission under oath.

B.      IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendant and all Third Party Institutions shall provide to Plaintiff's counsel all documents and records in their possession, custody, or control (whether located in the United States or abroad) relating to Defendant's user accounts, Online Storefronts, and Seller IDs, including, but not limited to, documents and records relating to:

1.      Any and all account details including, without limitation, identifying information and account numbers for any and all user accounts, Online Storefronts, and Seller IDs that Defendant currently maintains, or has previously maintained, with the respective Third Party Institution(s);

2.      The identities of, location of, and contact information (including all email addresses) for Defendant that were not previously provided;

3.      Defendant's methods of payment, methods for accepting payment, and any and all financial information including, but not limited to, a full accounting of Defendant's sales history organized by Amazon Standard Identification Number (Amazon's unique identifier for products sold on its website), including units sold; revenue associated with each ASIN product; date each ASIN was first offered for sale by Defendant; and city, state, and zip code of each recipient;

4.      Defendant's unauthorized and unlicensed use of the Patent-in-Suit; and

5.      Defendant's false or misleading statements regarding Defendant's

Infringing Products.

## III.    SECURITY BOND

IT IS FURTHER ORDERED that the bond posted by Plaintiff in the amount of Five

Thousand Dollars shall remain with the Court until a final disposition of this case or until

the PI order is terminated.

## IV.    UNSEALING ORDER

IT IS FURTHER ORDERED that the Order to Seal (ECF No. 8) is lifted and the

Clerk of Court is hereby directed to unseal all documents previously filed under seal in

this case.

SO ORDERED.

SIGNED this ___3rd___ day of ___June___ 2026 at ___8:20___ a.m./p.m.

Pittsburgh, Pennsylvania


_____
William S. Stickman IV
UNITED STATES DISTRICT JUDGE

# SCHEDULE A

| No. | Defendant | Photo of Infringing Product | ASIN | Platform |
|---|---|---|---|---|
| 1 | TOPXXSHOP | | B0GLYDZ596<br>B0GLY6MT4H<br>B0GLYBZR6G<br>B0GLH4TBQB<br>B0GXD6BVDQ<br>B0GLGSWFBL<br>B0GLH6LJMV | Amazon |
| 2 | DaiNNCN | | B0FFN3TGKC | Amazon |
| 4 | Vynelito Direct | | B0FKGWYND4 | Amazon |
| 6 | Utrend Store | | B0FDFVL9Z4 | Amazon |

11

| | | | | |
|---|---|---|---|---|
| 7 | KEIKI | | B0GSZPX987<br>B0GSZPTWX2<br>B0GSZWYK2V<br>B0GSZTJDDP<br>B0FDGCMNQZ<br>B0GSZZJTZW<br>B0GT16TCRS<br>B0GSZSBLLF<br>B0GSZQ2MS5<br>B0GSZVWBT8<br>B0GSZWT3YH<br>B0GSZS8CMP<br>B0GSZTFVLL<br>B0GSZT38S1<br>B0GSZV3TB9<br>B0GSZYHJLF | Amazon |
| 8 | KEVERSO | | B0FH2HQQ2Q | Amazon |
| 9 | CB Living Hub | | B0FVMC1P98<br>B0FVMBKW88<br>B0FVMGL9R7 | Amazon |
| 11 | MHSKDJJFACAI | | B0FGQP38P2 | Amazon |

| | | | | |
|---|---|---|---|---|
| 12 | YYXRyyH | | B0FGXBHMKF | Amazon |
| 13 | KEVERSO | | B0FH2HQQ2Q | Amazon |
| 15 | HYLEORY | | | Target |
| 16 | GDFStudio | | | Target |
| 17 | Latitude Run | | | Wayfair |