IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YUN ZHU,
Plaintiff,

Civil Action No. 2:26-cv-00970-WSS

v.

SCHEDULE A DEFENDANTS,
Defendants.

_____/

## DEFENDANT JIYOUHOME'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant JIYOUHOME (aka or ABCASA Store, "Defendant"), by and through undersigned counsel, respectfully submits this Supplemental Brief pursuant to the Court's oral order at the June 2, 2026 hearing, addressing personal jurisdiction under Rule 4(k)(2) and improper joinder under 35 U.S.C. § 299 and Fed. R. Civ. P. 20/21.

### I. INTRODUCTION

While Defendant made a limited number of sales of the accused product into the United States, those sales were directed to Florida and Texas only. Defendant does not consent to personal jurisdiction in Pennsylvania. Additionally, Defendant is an independent seller with no connection to the other Schedule A defendants, and joinder is improper.

### II. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT UNDER RULE 4(k)(2)

Defendant acknowledges making a small number of sales of the accused modular sofa into the United States — specifically, one sale to St. Augustine, Florida, and one sale to Plano,

Page 1 of 4

Texas. Defendant does not dispute that these sales are sufficient to establish personal jurisdiction in the United States District Courts for the Southern District of Florida and the Eastern District of Texas, respectively.

However, Defendant has made zero sales of the accused product (or any other product) into the Commonwealth of Pennsylvania. There is no evidence that Defendant purposefully directed any activities toward Pennsylvania or that any claim arises out of Defendant's contacts with this District.

Under Rule 4(k)(2), a defendant may be subject to nationwide personal jurisdiction only if it is not subject to jurisdiction in any state's courts and the exercise of jurisdiction comports with due process. Here, Defendant is subject to jurisdiction in Florida and Texas. Therefore, Rule 4(k)(2) does not authorize this Court to exercise personal jurisdiction over Defendant. See *Premier Products Inc. v. Gearoz, et al.*, No. 25-cv-497 (W.D. Pa. July 8, 2025) (declining to exercise Rule 4(k)(2) jurisdiction where defendants were subject to jurisdiction in other districts).

Defendant consents to jurisdiction in the Southern District of Florida or the Eastern District of Texas but does not consent to jurisdiction in the Western District of Pennsylvania. Dismissal for lack of personal jurisdiction is warranted.

## III. JOINDER OF DEFENDANT WITH OTHER SCHEDULE A DEFENDANTS IS IMPROPER

Even if personal jurisdiction existed, joinder of Defendant with the numerous other unrelated Schedule A defendants violates 35 U.S.C. § 299 and Fed. R. Civ. P. 20.

Page 2 of 4

Defendant is an independent seller operating its own Amazon storefront with no affiliation, agreement, or coordination with any other defendant in this case. There is no evidentiary overlap or common witnesses. Defendant sources its products from a different manufacturer than the other defendants, and the accused product sold by Defendant has materially different design features from those sold by other defendants (as shown in Defendant's Opposition Brief, ECF No. 28).

35 U.S.C. § 299 expressly prohibits joining multiple accused infringers in a single action unless the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences relating to the same accused product or process" and common questions of fact will arise. Mere infringement of the same patent is insufficient. Here, the products are different, the manufacturers are different, and there is no common transaction or occurrence linking Defendant to the other sellers.

Joinder is prejudicial and inefficient. The Court should sever and dismiss Defendant from this action pursuant to Fed. R. Civ. P. 21.

### IV. CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion to Dismiss (ECF No. 31), Defendant JIYOUHOME respectfully requests that the Court dismiss all claims against it for lack of personal jurisdiction and/or improper joinder.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
(Admitted Pro Hac Vice)

The Law Offices of Jianyin Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendant JIYOUHOME

Dated: June 3, 2026

**Certificate of Service**

I certify that on June 3, 2026, a true copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu