**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

YUN ZHU,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-00970-WSS

**DECLARATION OF YUN ZHU IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION**

I, Yun Zhu, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. The following information regarding sales information is accurate to the best of my knowledge.
2. I am the Plaintiff in the above-captioned case. I am the inventor and owner of U.S. patent registration number US D1,081,175 (the "175 Patent") and I make and sell a range of Sofa products under the '175 Patent. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as

follows.

3. I hereby certify that Defaulted Defendants (as defined in the accompanying Memorandum) have failed to answer or otherwise plead in this action within the allotted time in violation of Federal Rule of Civil Procedure 12(a)(1)(A).

4. I investigated the infringing activities of Defaulted Defendants, including attempting to identify the owner associated with the Defendant Internet Stores and their contact information. My investigation confirmed that Defaulted Defendants are primarily domiciled in China or other foreign location. As such, I am informed and believe that Defaulted Defendants are not active-duty members of the U.S. armed forces. I am further informed and believe that none of the Defaulted Defendants are infants or incompetent persons.

5. **Licensing Agreement.** I am seeking $10,000.00 in compensatory damages as the reasonable licensing fee that Defaulted Defendants would have paid me throughout their course of infringement. I based this number on the following evidence:

   a. Licensing Fee for use in similar product category

      i. Licensing fees for patents covering similar upholstered furniture generally range from approximately $15,000 to $30,000 per licensee for a comparable term and scope of use. A conservative request of only $10,000.00 represents a reasonable and restrained measure of

the licensing fee that Defaulted Defendants would have paid throughout their course of infringement.

b. Length of Use. The Defaulted Defendants have been using my Patent since at least the following date – and likely earlier through other trade routes not discoverable due to Defaulted Defendants' default and anonymous nature. The exact timeframe Defaulted Defendants' infringing activities started is generally unknown due to the lack of discovery available. The earliest date available of Defaulted Defendants (which many do not disclose) is:

   i. 01/01/2026

c. Territory. Defaulted Defendants did not use any territory restrictions when selling and/or offering to sell Infringing Products. As such, this factor would increase any reasonable licensing fee.

d. Consumer Confusion. Consumer confusion has occurred as evidenced by Defaulted Defendants' listing of Infringing Products. Based on infringing listing, consumers were confused as to whether the products were proper products derived from my Patent or infringing versions thereof.

e. Loss of Reputation. Loss of reputation is evidenced by the reviews left on Defaulted Defendants' sites. Because of these inferior infringing products, consumers will not trust, buy or recommend my Patent-in-Suit products.

f. Loss of Market. Because Defaulted Defendants' infringing products were virtually identical to my products, consumers now have a low expectation of my quality and product. Thus, my loss of consumer loyalty and trust is forever tarnished. Moreover, the flooding of the market with Infringing Products by Defaulted Defendants deterred any potential, reputable licensing fee with third parties.

g. Demand. As seen above, the sales of Infringing Products demonstrate the high demand for products covered by the Patent-in-Suit. Based on this popularity and demand for products covered by the Patent-in-Suit, hypothetical negotiations for a license would be much, much higher.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 15, 2026

Respectfully submitted,

Yun Zhu

____________________________

Yun Zhu